IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MELVIN HERBERT,**
**No. 17117-424,**

      **Petitioner,**

vs.

**T.G. WERLICH,**

      **Respondent.**                    Case No. 18–cv–00132-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Melvin Herbert is currently incarcerated in the Federal Correctional Institution located at Greenville, Illinois ("FCI-Greenville"). He brings this federal habeas corpus action pursuant to 28 U.S.C. § 2241 in order to challenge his sentence in *United States v. Melvin Herbert*, No. 04-cr-0464-5 (N.D. Ill. 2006) ("criminal case"). Relying on the United States Supreme Court's decision in *Mathis v. United States*, 579 U.S. —, 136 S. Ct. 2243 (2016), Herbert claims that his prior conviction in Illinois for residential burglary (Case No. 86-cr-0842502) no longer triggers an enhanced sentence as a career offender under the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. (Doc. 1, p. 1). For this reason, he asks the Court to vacate his sentence. (Doc. 1, p. 11).

This matter is now before the Court for review of the § 2241 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court

judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

As a general matter, 28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with "distinct forms of collateral relief." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012). Section 2255 applies to challenges to the validity of convictions and sentences, and § 2241 applies to challenges to the fact or duration of confinement. *Id*. at 645 (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000)). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Herbert challenges his sentence, which points to § 2255 as the proper avenue for relief.

However, § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).

2

Three conditions must be satisfied to bring a claim within the savings clause following *Davenport*. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F3d at 640. First, the petitioner must show that he relies on a new statutory interpretation case rather than a constitutional case. *Id*. Second, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively. *Id*. Third, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Id*.

This Court has found that a collateral attack under *Mathis v. United States*, 579 U.S. —, 136 S. Ct. 2243, 2250 (2016), facially satisfies the three *Davenport* conditions. *See e.g., Hoskins v. Werlich*, No. 17-cv-652-DRH (S.D. Ill. July 28, 2017); *Wadlington v. Werlich*, No. 17-cv-449-DRH (S.D. Ill. July 17, 2017); *Davis v. USA*, 17-cv-379-DRH (S.D. Ill. June 14, 2017); *Warren v. Werlich*, No. 17-cv-84-DRH (S.D. Ill. Mar. 27, 2017). And, given the rapidly developing case law addressing sentence enhancements based on Illinois burglary convictions, the Court deems it appropriate to order a response. *See, e.g., Shields v. United States*, 885 F.3d 1020 (7th Cir. Mar. 21, 2018) (recent precedent forecloses argument that Illinois residential burglary conviction no longer qualifies as a violent felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)); *Smith v. United States*, 877 F.3d 720 (7th Cir. Dec. 13, 2017) (Illinois residential burglary conviction based on 1982 statute counts as a violent felony under § 924(e)); *United States v. Haney*, 840 F.3d 472 (7th Cir.

3

2016) (pre-1982 version of Illinois law covering ordinary burglary did not satisfy federal definition and no longer counted as violent felony under § 924(e)); *Dawkins v. United States*, 809 F.3d 953 (7th Cir. 2016) (pre-*Mathis* case holding that Illinois residential burglary is equivalent to generic burglary of a dwelling and counts as an enumerated crime of violence under U.S.S.G. § 4B1.2(a)(2)); *Dawkins v. United States*, 829 F.3d 549 (7th Cir. 2016) (post-*Mathis* case questioning whether *Mathis* makes Illinois residential burglary conviction suspect under the ACCA and U.S.S.G., but declining to address question and directing petitioner to bring independent claim under § 2241, if at all).

Accordingly, **IT IS HEREBY ORDERED** that Respondent Werlich shall answer or otherwise plead within thirty days of the date this order is entered.[1] This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS ALSO ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a*

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

4

*referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.04.12
09:25:41 -05'00'

**United States District Judge**