IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MELVIN HERBERT, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Civil No. 18-cv-132-DRH ) |
| WILLIAM TRUE, | ) ) ) |
| Respondent. | ) |

**MEMORANDUM and ORDER**

Petitioner Melvin Herbert filed a petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) challenging the enhancement of his sentence as a career offender under U.S.S.G. § 4B1.1. He purports to rely on *Mathis v. United States*, 136 S. Ct. 2243 (2016). (Doc. 1, p. 1). Respondent filed a Motion to Dismiss the Petition (Doc. 9) on June 28, 2018, and Petitioner filed a Response to the Motion (Doc. 11) on July 20, 2018.

**Relevant Facts and Procedural History**

On May 12, 2005, Herbert pleaded guilty to one count of conspiracy to possess with intent to distribute a controlled substance in the Northern District of Illinois. No plea agreement was filed. On November 6, 2006, he was sentenced to 310 months imprisonment. *United States v. Thompson*, No. 04-cr-0464-5 (N.D. Ill. Nov. 6, 2006), Docs. 824, 1625.

Herbert appealed his sentence, but the Seventh Circuit Court of Appeals affirmed. The Seventh Circuit found that the 310-month sentence was below the

advisory guidelines range of 360 months to life imprisonment, and the guidelines range was appropriate. *Id.* at Docs. 1653, 2117-2118. Herbert later filed a notice of appeal regarding the withdrawal of his attorney, but his appeal was dismissed as untimely. *Id.* at Docs. 2585, 2600.

Herbert also filed a motion under 28 U.S.C. § 2255. He argued ineffectiveness of counsel, objected to the leadership and firearm enhancements he received, and raised the sentencing disparity between cocaine and crack cocaine. The motion was denied in November 2010. *United States v. Melvin Herbert*, No. 10-cv-4514 (N.D. Ill. 2010).

Herbert then brought a motion under 28 U.S.C. § 2241, arguing that his career offender enhancement was unconstitutional under *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 136 S.Ct. 1257 (2016). That action was dismissed in July 2016 after the Court determined that *Johnson* did not apply to Herbert's case. *Herbert v. Werlich*, 16-cv-696-DRH (S.D. Ill. 2016).

### Legal Standards Applicable to Section 2241

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28

2

U.S.C. § 2255 in the court which sentenced him. A motion under § 2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally limited to bringing only *one* motion under § 2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a

3

constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## **Analysis**

Citing *Mathis v. United States*, 136 S.Ct. 2243 (2016), Herbert argues that his prior conviction for Illinois attempted residential burglary no longer qualifies as a crime of violence for purposes of the career offender enhancement. (Doc. 1, p. 3). In the Motion to Dismiss, Respondent argues that Herbert cannot contest his advisory career offender designation in a § 2241 proceeding based on the reasoning in *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013).

The Court finds the Respondent's arguments compelling. Herbert cannot bring a *Mathis* claim in a § 2241 petition based on his career offender designation, so the Petition must be dismissed. There are some errors that can be raised on direct appeal but not in a collateral attack such as a § 2255 motion or a § 2241 petition. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013); *see also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in

4

calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

The Seventh Circuit recently reiterated that the Sentencing Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005). *Perry v. United States*, 877 F.3d 751 (7th Cir. 2017). Herbert was sentenced in November 2006, after *Booker* was decided. He received a sentence that was below the statutory range. Therefore, he cannot demonstrate a miscarriage of justice so as to permit a § 2241 petition.

### Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss **(Doc. 9)** is **GRANTED**, and Herbert's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 **(Doc. 1)** is **DISMISSED**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Judge Herndon
2018.09.13
13:53:29 -05'00'

**United States District Judge**

## Notice

If Petitioner wishes to appeal the dismissal or denial of his Petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Fed. R. Civ. P. 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his §2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).